UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NASSOR MOORUTS BEY, et al.,

    Plaintiffs,

v.                                       CASE NO. 8:15-cv-545-T-23EAJ

DAVID GEE, et al.,

    Defendants.
_____/

**ORDER**

Both appearing *pro se*, Nassor Mooruts Bey and his wife, Nura A. N. H. Washington Bey, sue Tampa police officers Stephen Hiles and W. C. Harrison, the City of Tampa, Mayor Bob Buckhorn, and Hillsborough County Sheriff David Gee under 42 U.S.C. § 1983 and state law. An August 11, 2015 order (Doc. 55) dismisses with prejudice a number of claims and allows the plaintiffs to file a third amended complaint. The plaintiffs file (Doc. 57) a third amended complaint and the defendants again move (Doc. 58, 59) to dismiss. The plaintiffs respond (Doc. 60, 61) and file a "Writ of Mandamus Affidavit of Fact."[1]

---

[1] In substance, the responses and the "Writ" contest earlier rulings, including the August 11, 2015 order. To the extent that the plaintiffs intend any of these filings or the plaintiffs' earlier "Affidavit of Objection" (Doc. 56) to operate as a motion for reconsideration, the motion is **DENIED**.

## BACKGROUND

The allegations in the third amended complaint are entirely consistent with the allegations in the dismissed second amended complaint. The plaintiffs claim the status of "Aboriginal/Indigenous Natural Beings" and invoke a "Constitutional Right to Travel." (Doc. 57 at 2, ¶ 1) On March 3, 2015, Hiles stopped Bey while Bey was driving a truck with "common law Aboriginal/Indigenous Moorish American tags." (Doc. 57 at ¶ 1) After Bey produced "his Aboriginal/Indigenous Moorish/American Nationality Identification" and refused to exit the truck, Hiles charged Bey with violations of Section 322.212(1)(a), Florida Statutes (prohibiting unauthorized possession of a driver license or identification card) and Section 843.02, Florida Statutes (prohibiting obstruction of an officer without violence). (Doc. 57 at ¶¶ 3–5) During the arrest, Hiles searched Bey's pockets. (Doc. 57 at ¶ 4) Harrison authorized seizure of the truck. (Doc. 57 at ¶ 7)

The complaint alleges that Bey was transported against his will to Tampa General Hospital and subjected to treatment, "interrogations," and "psychiatric experiments." (Doc. 57 at ¶¶ 13–19) Bey was denied a telephone call to the "Moorish consul" and "detained without judicial determination of probable cause." (Doc. 57 at ¶¶ 9, 11–12)

The complaint asserts nine claims. As explained below, the plaintiffs effectively ignore the August 11, 2015 order, which advises the plaintiffs that they "may not re-assert any claim that this order dismisses with prejudice" and which

specifies that any claims against the City of Tampa or Sheriff Gee in his official capacity "must include a factual and legal basis for municipal liability." (Doc. 55 at 23)

## DISCUSSION

### 1. Hiles and Harrison

Suing Hiles and Harrison in their individual capacity, the plaintiffs allege a Fourth Amendment violation based on the traffic stop, Bey's arrest, and the search of Bey's person (Count 1); a Fifth Amendment violation based on Bey's incarceration, seizure of private property without due process, and interrogation without a proper *Miranda* warning (Count 2); a Sixth Amendment violation based on failure to provide notice of the charges and an opportunity to confront witnesses (Count 3); and state-law claims for intentional infliction of emotional distress, malicious prosecution, and defamation (Counts 6, 8, 9). (Doc. 57 at ¶¶ 25–31, 37–46) The August 11, 2015 order dismisses with prejudice each of these claims. (Doc. 55 at 22–23) The plaintiffs plead no additional facts to otherwise establish a plausible right to relief.

Accordingly, the claims against Hiles and Harrison remain dismissed with prejudice. Because the plaintiffs state no claim against Hiles or Harrison, Nura Bey's derivative claim for loss of consortium (Count 7) fails.

### 2. City of Tampa and Mayor Buckhorn

The August 11, 2015 order dismisses with prejudice all claims against Mayor Buckhorn. (Doc. 55 at 23) The plaintiffs persist in pleading against Buckhorn claims that are charitably construed as claims against the City of Tampa. Under Section 1983, the plaintiffs purport to allege a Sixth Amendment violation (Count 3), an Eighth Amendment violation (Count 4), and a failure to train and supervise (Count 5).

Section 1983 applies to a municipality "only where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original). To state a claim against the City under Section 1983, the plaintiffs must allege "(1) that [Bey's] constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Even assuming that the plaintiffs adequately allege an underlying constitutional violation, the plaintiffs identify no unconstitutional municipal policy or custom that caused the challenged conduct. The plaintiffs identify three Standard Operating Procedures, but plead no facts suggesting a constitutional deficiency. (Doc. 57 at ¶ 36). Also, in their effort to plead a municipal custom, the plaintiffs allege no pattern of civil rights abuses similar to the violations that Bey allegedly suffered. *Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir. 2005).

Instead, the plaintiffs allege that the City failed to train the officers. (Doc. 57 at ¶ 36) A failure to train may amount to a "policy," but the plaintiffs must establish that the City knew of the need to train and deliberately chose inaction. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). Deliberate indifference may be demonstrated by "[a] pattern of similar constitutional violations by untrained employees" or by showing "that the unconstitutional consequences of failing to train [are] patently obvious." *Connick v. Thompson*, 563 U.S. 51, 62–64 (2011). The plaintiffs allege that the need for further training is "plainly obvious," which is a mere conclusion without factual content or support and which is wholly insufficient. (Doc. 57 at ¶ 36); *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1328–29 (11th Cir. 2015).

Accordingly, the plaintiffs state no plausible Section 1983 claim against the City. Sovereign immunity bars the plaintiffs' remaining claim for malicious prosecution (Count 8). Fla. Stat. § 768.28(2), (9)(a); *Weiland*, 792 F.3d at 1330.

**3. Sheriff Gee**

The plaintiffs bring Section 1983 claims (Counts 3 and 4) and a state-law defamation claim (Count 9) against the Sheriff in his official capacity. The allegations include no plausible basis for municipal liability under Section 1983. Absolute immunity bars the defamation claim. *Crowder v. Barbati*, 987 So. 2d 166, 168 (Fla. 4th DCA 2008). Absent a claim against the Sheriff, Nura Bey's loss-of-consortium claim fails.

**4. Unserved defendants**

The plaintiffs allege that "Kristen Ball, Elise Zahn, Hillsborough County Sheriff's Jail personnel" violated the Eighth Amendment by subjecting Bey to degrading and unnecessary treatment. (Doc. 57 at ¶ 33)  The Sheriff represents (Doc. 58 at 4–5) that the plaintiffs have not effected service on Ball or Zahn and the docket includes no issuance of a summons for Ball or Zahn.  The plaintiffs respond that "due to the overwhelming efforts to close the door in obtaining justice, the burden is great and this particular task has not been possible at this point." (Doc. 60 at 6)

If an amended complaint names a new defendant, the 120 days[2] within which to serve the new defendant begins the day after the filing of the amended complaint.  *Lindley v. City of Birmingham*, 452 Fed. Appx. 878, 880 (11th Cir. 2011).  Because the plaintiffs filed the third amended complaint on August 21, 2015, the plaintiffs were required to serve the new defendants on or before December 21, 2015.  Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 6.

## CONCLUSION

The motions to dismiss (Doc. 58, 59) are **GRANTED** to the extent that the claims against Hiles, Harrison, Mayor Buckhorn, the City of Tampa, and Sheriff Gee are **DISMISSED WITH PREJUDICE**.

---

[2] The amendments to Rule 4(m), effective December 1, 2015, reduce the time to 90 days. The amendments govern pending actions only "insofar as just and practicable." Fed. R. Civ. P., Order of April 29, 2015.

The plaintiffs shall have through **JANUARY 26, 2016**, to cause the issuance of a summons against Ball and Zahn, to serve the summons and the third amended complaint against Ball and Zahn, and to file proof of service on Ball and Zahn. Failure to comply with this order will result in the dismissal of this action (against Ball and Zahn) for failure to prosecute without further notice.

ORDERED in Tampa, Florida, on January 6, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE